HARRY F. ROBERTSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5436.        Promulgated December 8, 1926.

> The difference between the fair market value of land conveyed to petitioner and the amount paid therefor *held* to be a gift, and the taxable gain arising from the sale of the land is the difference between the fair market value at the time received and the selling price thereof.

*Charles H. Davis, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax of $765.36 for 1921.

### FINDINGS OF FACT.

The petitioner is a resident of Excelsior, Minn., where he has resided since 1920. From 1907 until 1920 he resided at Colon, Saunders County, Nebr., where he was engaged in farming. During a portion of the time that petitioner resided in Saunders County, Nebraska, his mother-in-law, a Mrs. Scofield, made her home with the petitioner and his wife. On February 15, 1919, Mrs. Scofield was the owner of 160 acres of land adjoining the farm owned by petitioner. Her indebtedness amounted to about $6,000, which she had borrowed in order to get money to advance to a son who was living

in California in 1919. Mrs. Scofield had no living children other than her son in California and her daughter, the wife of petitioner.

Mrs. Scofield had told petitioner and his wife a number of times that she appreciated what they had done for her and that she expected to provide for them.

Some time prior to February 15, 1919, Mrs. Scofield, who was at that time making her home with petitioner and his wife, had talked over with them the matter of transferring her land to them for the care and treatment they had shown her.

The petitioner and Mrs. Scofield had on different occasions discussed the sale price of different tracts of land situated in the vicinity in which they lived, and she was conversant with land values locally. Some sales were being made at around $400 an acre. About February 15, 1919, she decided that she would execute conveyances of her land to petitioner and his wife, and set a day when they would see a lawyer in another town and have the proper papers prepared. When the appointed day arrived, a blizzard was raging. However, she insisted on carrying out her plans. She offered to sell 80 acres to petitioner at $165 per acre. He stated, "Mother, we will give you more," and offered her $200 per acre; and the sale was consummated at that price. He had that amount of cash on hand. The night before the transaction, Mrs. Scofield said, " I want this fixed up and I want to make it right so if anything happens to me you will have your share of the property. * * * I have never done anything but spend money for the boy. * * * I have never given you anything except just small gifts * * * That [the amount petitioner agreed to pay] would give me enough to get a little home in Fremont. * * * " She also said that if anything happened to her she would feel that she had done the right thing by the petitioner and his wife.

It was stipulated that the fair market value of the 80 acres of land, when acquired by petitioner from Mrs. Scofield, was $24,000.

In 1921 the petitioner sold the land for $28,000. In preparing his income-tax return for that year he computed his profit on the basis of a cost price of $24,000, instead of $16,000. The difference between the $16,000 and $24,000 petitioner considered to be a gift. The respondent, in the audit of petitioner's return, used a cost price of $16,000 in computing the profit and determined a deficiency.

#### OPINION.

TRAMMELL: From a consideration of the evidence, we are of the opinion that the difference of $8,000 between the amount paid by the petitioner for the 80 acres of land and the fair market value of the

land represents a gift. The gain on the sale, therefore, should be based on the fair market value of the land when acquired by the petitioner, instead of on the cost.

*Judgment will be entered for the petitioner.*